IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARK FIELDS,

        Petitioner,

v.

NEW JERSEY STATE PAROLE BOARD,

        Respondent.

Civil Action
No. 13-7693 (AET)

**OPINION**

APPEARANCES:

Mark Fields, Petitioner Pro Se
#544482986329B
New Jersey State Prison
PO Box 861
Trenton, New Jersey 08625

RECEIVED
DEC -7 2015
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**THOMPSON, District Judge:**

**I. INTRODUCTION**

    Before the Court is Petitioner Mark Fields' ("Petitioner") submission of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1). For the reasons set forth below, the Court concludes that the habeas petition shall be divided into two actions, and a limited answer will be ordered in this action.

**II. BACKGROUND**

**A. Procedural History**

    Petitioner, a state-sentenced inmate incarcerated at New Jersey State Prison, filed an application for writ of habeas

corpus under 28 U.S.C. § 2254, on December 19, 2013. (Docket Entry 1). By Order dated December 27, 2013, the Honorable Joel A. Pisano administratively terminated the petition for failure to submit the filing fee or a complete application to proceed *in forma pauperis*. (Docket Entry 2). Petitioner submitted an amended application to proceed *in forma pauperis* on March 5, 2014. (Docket Entry 3).

On August 28, 2015, the Clerk's office received a letter from Petitioner requesting this case be consolidated with another one of his pending cases, *Fields v. Plousis*, No. 14-1139. (Docket Entry 4). Both matters were reassigned to this Court on September 1, 2015. (Docket Entry 5). On September 18, 2015, the Court entered an Order advising Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), as well as the consequences of filing a § 2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Docket Entry 6). The Court ordered Petitioner to advise the Court within 45 days as to whether he wanted to have the pending § 2254 petition ruled upon as filed, or whether he wanted to withdraw the pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations. (Docket Entry 6 ¶ 5).

On October 26, 2015, the Court received a letter brief and accompanying exhibits from Petitioner arguing the merits of his

2

petition. (Docket Entry 7). As Petitioner has not submitted an amended petition nor indicated that he wishes to withdraw his pending petition,[1] the Court will rule upon the petition as filed in accordance with its September 18, 2015 order.

**B. Factual Background**

*1. Ground One*

On October 26, 2006, Petitioner was sentenced in the Superior Court of New Jersey on multiple indictments. (Docket Entry 7-1 at 4-13). The sentencing court imposed a nine-year custodial term, subject to New Jersey's No Early Release Act ("NERA"), N.J. STAT. ANN. § 2C:43-7.2. (Docket Entry 1 at 18). On January 9, 2011, he was released for a mandatory period of supervision. (Docket Entry 1 at 20; Docket Entry 7-1 at 36).

On May 10, 2011, a urine test conducted by Petitioner's parole officer returned a positive result for morphine. (Docket Entry 7-1 at 45). He admitted to having used heroin on May 5, 2011, and was referred to CDS counseling at the Jersey City Community Resource Center ("CRC") on May 12, 2011. (Docket Entry 7-1 at 45). He continued attending CRC until August 3, 2011,

---

[1] Petitioner's supplement cites 28 U.S.C. § 2241 as the statute under which he seeks relief. (Docket Entry 7 at 2). Prisoners challenging their state convictions or sentences, including parole issues, must bring their challenges under 28 U.S.C. § 2254. *McKnight v. United States*, 27 F. Supp. 3d 575, 579 (D.N.J. 2014). The petition shall proceed under § 2254 as originally filed.

when he was arrested on a parole board warrant for violating the terms of his supervised release, specifically for using a controlled dangerous substance.[2] (Docket Entry 1 at 22; Docket Entry 7-1 at 66).

The Parole Board scheduled a probable cause hearing for August 19, 2011. (Docket Entry 7-1 at 77). The hearing proceeded as scheduled, at which time Petitioner was represented by counsel. (Docket Entry 1 at 27). The Hearing Officer determined there was no condition that prohibited taking prescription medication; consequentially, there was no violation of Petitioner's period of supervision. (Docket Entry 7-1 at 80). She recommended that his term be continued. (Docket Entry 7-1 at 80).

After the Adult Panel reviewed the Hearing Officer's report and recommendations, it remanded Petitioner's case for further revocation proceedings. (Docket Entry 7-2 at 7). The panel specifically requested testimony "relative to the facts and circumstances surrounding [Petitioner's] arrest on August 3, 2011 . . . including, but not limited to [Petitioner's] alleged

---

[2] Petitioner was taking prescribed pain killers as the result of several injuries. It was the position of the Parole Board that taking the prescribed narcotics, after Petitioner had been informed on several occasions that he should obtain a non-narcotic pain killer, was a violation of Supervision Condition 9: Refrain from the use and possession of controlled dangerous substances. (Docket Entry 7-1 at 78).

4

admission to heroin use prior to reporting to the District Parole Office that day." (Docket Entry 7-2 at 7). The rehearing took place on September 30, 2011, at which time Petitioner was again represented by counsel. The Hearing Officer determined the testifying parole officer was credible regarding Petitioner's alleged admission of use. (Docket Entry 7-2 at 12). After concluding that further drug counseling would not be appropriate, she recommended that Petitioner's mandatory period of supervision be revoked. (Docket Entry 7-2 at 12). Petitioner's attorney submitted written objections to the recommendation. (Docket Entry 7-2 at 14-15). On November 2, 2011, the Parole Board adopted the report of the Hearing Officer and revoked Petitioner's mandatory period of supervision. (Docket Entry 7-2 at 16).

Petitioner filed an administrative appeal of the revocation order on January 30, 2012. (Docket Entry 1 at 54). A final agency decision was issued on April 18, 2012, denying the appeal, (Docket Entry 7-2 at 33); however, Petitioner states he did not receive notice of the final decision until June 21, 2013. (Docket Entry 1 at 54). He filed an appeal with the New Jersey Appellate Division on July 22, 2013. (Docket Entry 7-3 at 109). The appeal was dismissed on October 16, 2013. *Fields v.*

*N.J. State Parole Bd.*, No. A-006061-12 (N.J. Sup. Ct. App. Div. Oct. 16, 2013); (Docket Entry 1 at 89).[3]

    *2. Grounds Two and Three*

As the November 2, 2011 revocation of his period of supervision established a 12-month future eligibility term ("FET"), Petitioner was evaluated for release in February 2012. (Docket Entry 1 at 59). Petitioner's case was reviewed by a Hearing Officer on June 1, 2012, instead of having an in person hearing. (Docket Entry 7-2 at 40). The Hearing Officer referred the case to a Board Panel. (Docket Entry 7-2 at 40). Petitioner objected to the lack of an in person hearing and filed an administrative appeal on July 3, 2012, contending that he was supposed to have had a hearing by July 2, 2012. (Docket Entry 1 at 63). On July 5, 2012, the Board Panel denied parole and established an 18-month FET. (Docket Entry 7-2 at 45).

New Jersey State Parole Board Chairman James Plousis responded to Petitioner's appeal on September 6, 2012. (Docket Entry 7-2 at 51). He indicated that "the conducting of a Board Panel hearing 28 days prior to the parole eligibility date of August 2, 2012 instead of 30 days prior to said date is so minor of a delay that it does not rise to the level of a due process violation." (Docket Entry 7-2 at 51). He also noted "the minimal

---

[3] It is unknown whether Petitioner asked the New Jersey Supreme Court for review.

6

delay in providing the Board Panel hearing did not prejudice you in any way as your confinement was continued due to the Board Panel Members determining that you did not meet the standard for parole release." (Docket Entry 7-2 at 51). He indicated this was solely a response to Petitioner's timeliness arguments and was not a review of the merits of the Board Panel's decision. (Docket Entry 7-2 at 51). A follow-up letter indicated that the letter was "the final administrative agency decision on the issue of the failure to provide a timely parole hearing." (Docket Entry 7-2 at 52). Petitioner filed a notice of appeal in the Appellate Division on October 19, 2012. (Docket Entry 7-3 at 49). On May 17, 2013, the Appellate Division granted the Parole Board's motion to dismiss the appeal. *Fields v. Parole Bd.*, No. A-000910-12 (N.J. Sup. Ct. App. Div. May 17, 2013); (Docket Entry 1 at 70).[4]

Petitioner had been pursuing an administrative appeal of the July 5, 2012 denial of parole and establishment of an 18-month FET simultaneously with his appeal of the September 6, 2012 letter. (Docket Entry 7-2 at 53). The Board issued a final agency determination upholding the panel's decision on February 27, 2013. (Docket Entry 7-2 at 55). Petitioner filed a notice of appeal with the Appellate Division on April 18, 2013. (Docket

---

[4] It is unknown whether Petitioner asked the New Jersey Supreme Court for review.

Entry 7-3 at 65). By order dated February 11, 2014, the Appellate Division dismissed the appeal for lack of prosecution. *Fields v. Parole Bd.*, No. A-003818-12 (N.J. Sup. Ct. App. Div. Feb. 11, 2014); (Docket Entry 7-3 at 106). Petitioner filed the instant § 2254 petition on October 29, 2013. (Docket Entry 1).

Petitioner further states that during the appeals process, he wrote to the Department of Corrections Commissioner that "he refused to sign his max papers; he [does] not wish to serve his maximum non-custodial term of mandatory parole supervision in the custody of an institutional setting." (Docket Entry 1 at 81). He further stated that he "refused to participate in any future attempts by the Parole Board to conduct any proceedings for, or against [him] whatsoever [and] will remain on indefinite postponement until a court informs me that the New Jersey State Parole Board has been using unconstitutional procedures to [sic] this Petitioner . . . ." (Docket Entry 1 at 82). He contends Douglas Chiesa, Executive Assistant to Chairman Plousis, responded on June 25, 2013, stating:

> Petitioner . . . will remain in confinement if he interrupt[s] the parole release process with his "constitutional challenges and that the Board of Parole will [retaliate] against him when he insist[s] on exercising that right to postpone and refuse to participate in any future attempts by the parole board to conduct any proceedings for or against me whatsoever"

(Docket Entry 1 at 83). He asserts the letter "threatened" him that he would remain in custody "until such time as he

8

may be granted parole release prior to the expiration of the balance of the supervision term, or until the expiration of the balance of the supervision term." (Docket Entry 1 at 83); *see also* (Docket Entry 7-2 at 72). He contends this action was retaliatory in nature, as was the increase of the 18-month FET to a 20-month FET.[5] He states he was informed by the Parole Board that "the matter will remain on indefinite postponement until [Petitioner advises] the state parole board in writing that he wish[es] to proceed with [his] hearing." (Docket Entry 1 at 85).

### III. STANDARD OF REVIEW

Section 2254(a) provides in relevant part: "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas Rule 4 requires the assigned judge to *sua sponte* dismiss a habeas petition or application without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that

---

[5] Chairman Plousis asserted in a letter dated August 16, 2013 that his reference to a 20-month FET in the February 27, 2013 final decision, (Docket Entry 7-2 at 57), was a typographical error, and that the FET imposed by the Board on July 5, 2012 was in fact 18-months. (Docket Entry 7-2 at 58).

9

the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254 Rule 4.

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010), *cert. denied sub nom Rainey v. Walsh*, 562 U.S. 1286 (2011).

### IV. ANALYSIS

Petitioner names the New Jersey State Parole Board as Respondent in this action. As the proper respondent in a habeas action is Petitioner's immediate custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 435-36 (2004), the Clerk shall be ordered to substitute the Warden of New Jersey State Prison as the Respondent in this matter.

Petitioner raises three grounds for relief predicated on (1) the November 2, 2011 revocation of his mandatory parole supervision period; (2) the failure of the Parole Board to conduct a timely hearing as of July 2, 2012; and (3) the July 5, 2012 denial of parole and imposition of an 18-month FET.

10

## A. Severing of Judgments

Habeas Rule 2 states in relevant part: "A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." 28 U.S.C. § 2254 Rule 2(e). *See also Magwood v. Patterson*, 561 U.S. 320, 334 n.9 (2010); *McKnight v. United States*, 27 F. Supp. 3d 575, 578 (D.N.J. 2014). Although a petitioner "may join claims attacking multiple judgments in 'single court' situations," such a course of action is not required under the habeas rules. 1 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 11.4(a) (6th ed. 2011).

In this instance, the Court finds it prudent to sever Ground One from Grounds Two and Three. The Clerk of the Court shall therefore be ordered to open a separate proceeding under 28 U.S.C. § 2254 for consideration of Grounds Two and Three. The new petition will be deemed as filed on October 26, 2013, the date Petitioner handed the petition to prison officials for mailing. The Clerk shall also be directed to copy the procedural history of this matter into the new proceeding, concluding with today's Order and Opinion. The "new" petition will be reviewed according to Habeas Rules 2 and 4 under that docket number in a separate opinion.

11

**B. Ground One**

Petitioner asserts that the November 2, 2011 revocation of his period of mandatory supervision:

> Violated his First Amendment right to remain silent and legal access to the Court[;] his Fourth Amendment Right to be free from illegal seizures[;] his Fourteenth Amendment Right to due process of law[;] his Fifth, Sixth and Fourteenth Amendment right to be free from official harassment and intimidation[;] his Fourth and Fourteenth Amendment right to be free from malicious prosecution[;] his Fourteenth Amendment right to be free from arbitrary actions of state parole officials[;] his Eighth and Fourteenth Amendment [right] to be free of parole official correctional deliberate indifference[;] his Fourth and Eighth Amendment right to be free from cruel and unusual punishment.

(Docket Entry 1 at 17). He also claims Respondent violated NERA, (Docket Entry 1 at 52), and that Chairman Plousis failed to "properly train and supervise subordinates." (Docket Entry 1 at 45).

With the exception of Petitioner's Due Process, Illegal Seizure, and Eighth Amendment claims, the stated alleged constitutional violations, including his failure to train and supervise claims, are not cognizable in habeas proceedings. Those claims are more appropriately brought in a civil rights action pursuant to 42 U.S.C. § 1983.[6] *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a

---

[6] The Court notes Petitioner presently has two such civil rights actions pending in this Court, Civil Actions 13-7134 and 14-1139.

condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."). Those claims shall be summarily dismissed for failure to state a basis for habeas relief. 28 U.S.C. § 2254 Rules 2 and 4.

Likewise, Petitioner's NERA claim is not cognizable on habeas review. Section 2254 confers jurisdiction on district courts to grant relief to those in state custody "*only* on the ground that he is in custody in violation of the *Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Petitioner may not base a claim for federal habeas relief on violations of state law. This claim is also summarily dismissed.

Having screened the petition for summary dismissal, it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." 28 U.S.C. § 2254 Rule 4. The State shall be ordered to answer the Due Process, Illegal Seizure, and Eighth Amendment claims of Ground One.

## V. CONCLUSION

For the reasons stated above, Grounds Two and Three are severed from this action and shall be opened in a new § 2254 proceeding. The State shall be ordered to answer the petition as outlined above.

13

An appropriate order follows.

12/7/15
Date

ANNE E. THOMPSON
U.S. District Judge

14