RECEIVED
JAN 11 2016
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARK FIELDS,

    Petitioner,

v.

WARDEN NEW JERSEY STATE PRISON,

    Respondent.

Civil Action
No. 15-8471 (AET)

**MEMORANDUM OPINION**

**THOMPSON, District Judge:**

    Before the Court is Petitioner Mark Fields' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1).

    1. Petitioner, a state-sentenced inmate incarcerated at New Jersey State Prison, filed an application for writ of habeas corpus under 28 U.S.C. § 2254, on December 19, 2013. (Docket Entry 1).

    2. By Order dated December 27, 2013, the Honorable Joel A. Pisano administratively terminated the petition for failure to submit the filing fee or a complete application to proceed *in forma pauperis*. (Docket Entry 2).

    3. Petitioner submitted an amended application to proceed *in forma pauperis* on March 5, 2014. (Docket Entry 3).

    4. This matter was reassigned to this Court on September 1, 2015.

5. On September 18, 2015, the Court entered an Order advising Petitioner of his rights under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), as well as the consequences of filing a § 2254 petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Docket Entry 5).

6. The Court ordered Petitioner to advise the Court within 45 days as to whether he wanted to have the pending § 2254 petition ruled upon as filed, or whether he wanted to withdraw the pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations. (Docket Entry 5 ¶ 5).

7. On October 26, 2015, the Court received a letter brief and accompanying exhibits from Petitioner arguing the merits of his petition. (Docket Entry 6).

8. Petitioner did not submit an amended petition or indicate that he wished to withdraw his pending petition.

9. By Order dated December 7, 2015, this Court severed Plaintiff's habeas petition into two separate actions. (Docket Entry 9); *see Fields v. Warden of New Jersey State Prison*, No. 13-7693 (D.N.J. filed Oct. 26, 2013). The instant action consists of Petitioner's second and third grounds for relief. (Docket Entry 9).

10. Section 2254(a) provides in relevant part: "[A] district court shall entertain an application for a writ of

2

habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

11. Habeas Rule 4 requires the assigned judge to *sua sponte* dismiss a habeas petition or application without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." 28 U.S.C. § 2254 Rule 4.

12. In Grounds Two and Three, Petitioner alleges violations of his

> First Amendment right to remain silent and legal access to the Court[;] his Fourth Amendment Right to be free from illegal seizures[;] his Fourteenth Amendment Right to due process of law[;] his Fifth, Sixth and Fourteenth Amendment right to be free from official harassment and intimidation[;] his Fourth and Fourteenth Amendment right to be free from malicious prosecution[;] his Fourteenth Amendment right to be free from arbitrary actions of state parole officials[;] his Eighth and Fourteenth Amendment [right] to be free of parole official correctional deliberate indifference[;] his Fourth and Eighth Amendment right to be free from cruel and unusual punishment.

(Docket Entry 1 at 58, 71).

13. With the exception of Petitioner's Due Process, Illegal Seizure, and Eighth Amendment claims, the stated alleged constitutional violations, including his failure to train and supervise claims, are not cognizable in habeas proceedings. Those claims are more appropriately brought in a civil rights

action pursuant to 42 U.S.C. § 1983. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."). Those claims shall be summarily dismissed for failure to state a basis for habeas relief. 28 U.S.C. § 2254 Rules 2 and 4.[1]

14. Likewise, Petitioner's claim that New Jersey's No Early Release Act was violated is not cognizable on habeas review. Section 2254 confers jurisdiction on district courts to grant relief to those in state custody "*only* on the ground that he is in custody in violation of the *Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Petitioner may not base a claim for federal habeas relief on violations of state law. This claim is also summarily dismissed.

15. Having screened the petition for summary dismissal, it does not "plainly appear[ ] from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." 28 U.S.C. § 2254 Rule 4. The State shall be ordered to answer

---

[1] The Court declines to separate those claims into a new § 1983 proceeding as Plaintiff has already filed two such civil rights actions in this Court, Civil Actions 13-7134 and 14-1139.

4

the Due Process, Illegal Seizure, and Eighth Amendment claims of Grounds Two and Three.

16. An appropriate Order accompanies this Opinion.

_____1/11/16_____  
Date

*Anne E. Thompson* (signature)  
ANNE E. THOMPSON  
U.S. District Judge